IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal Case: CCB-17-145 |
| | * | (Related Civil Action CCB-19-736) |
| KENDALL CHARLES ALEXANDER | * | |
| | * | |
| | *** | |

**<u>MEMORANDUM</u>**

Kendall Alexander has filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 (ECF 139), which has been fully briefed. He alleges that his trial counsel failed to consult with him concerning his right to appeal, and that the same counsel was ineffective for incorrectly advising him that he was a career offender under the sentencing guidelines. For the reasons explained below, his motion is without merit and will be dismissed.[1]

Alexander was charged in a superseding indictment with conspiracy to commit Hobbs Act robbery, armed bank robbery with forced accompaniment, possession of a firearm in furtherance of a crime of violence, and other offenses related to armed robberies of commercial establishments as well as a federally-insured bank. (ECF 28, Superseding Indictment). Had he been convicted of all counts, and because of his prior federal conviction for possession of a firearm during a crime of violence (CCB-05-407), he faced a mandatory sentence of at least 60 years.[2] His experienced trial counsel, William Purpura, negotiated a plea under Fed. R. Crim. P. 11(c)(1)(C) to a single count of armed bank robbery with forced accompaniment and an agreed-

---

[1] Alexander has also filed a motion to dismiss the indictment (ECF 152) for lack of subject matter jurisdiction. This motion is meritless and will be denied. Alexander was charged with violating several federal statutes. Under 18 U.S.C. § 3221 the district court has jurisdiction over "all offenses against the laws of the United States."

[2] The forced accompaniment charge carried a mandatory minimum of 10 years, *see* 18 USC § 2113(e), and the two charges of carrying a firearm during and in relation to a crime of violence carried, at that time, two mandatory consecutive sentences of 25 years each, *see* 18 U.S.C. 924(c)(1)(C)(i) (2006) (amended 2018).

upon sentence of 25 years. At the time of the plea, the parties believed Alexander qualified as a career offender, and reflected those guidelines in the agreement. At the same time, however, the parties agreed that an upward variance to a sentence of 25 years was warranted under 18 U.S.C. § 3553(a) after all sentencing factors were considered, including the counts the government agreed to dismiss. (ECF 143-1, Ex. 1, Plea Agreement ¶ 10). This was explained to Alexander, who acknowledged he understood the agreement, during his rearraignment hearing. (ECF 143-2, Ex. 2, Rearraignment Tr. at 17–18). He also was advised, consistent with the written agreement, that he was giving up his right to appeal a sentence of 300 months. (ECF 143-1, Ex. 1 ¶ 12; ECF 143-2, Ex. 2, at 18).

The presentence investigation determined that in fact Alexander was not a career offender, and therefore his guideline range was from 120–121 months. (ECF 143-3, Ex. 3, Presentence Report ¶ 82).[3] Alexander offered no objection at sentencing to the difference between the range as calculated in the plea agreement and the true guideline range in his PSR. The court discussed with counsel the upward variance from the guidelines, the greater sentence Alexander might have been exposed to on other counts, the fact of the prior similar conviction, Alexander's prompt acceptance of responsibility, his remorse, and other relevant circumstances. (*See generally* ECF 143-4, Ex.4, Sentencing Tr.). Ultimately the court decided to accept the parties' recommendation, imposing a sentence of 300 months in custody followed by three years of supervised release. (ECF 113). The court also advised Alexander that, in light of the plea agreement and the sentence, he probably had no right to appeal, but if he chose to note an appeal it would have to be within fourteen days. Alexander said that he understood. (ECF 143-4, Ex. 4 at 16–17).

---

[3] This appears to be a result of the age of Alexander's prior drug convictions. (ECF 143-3, Ex. 3 ¶¶ 43, 44).

Alexander was sentenced on April 6, 2018; he noted no appeal. This motion under 18 U.S.C. § 2255 was docketed on March 8, 2019. (ECF 139). Regarding the guidelines, Alexander argues that counsel was ineffective for not recognizing that the career offender status would not apply. But he has shown neither deficient performance nor prejudice, which in this context requires demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (inaccurate advice on parole eligibility did not amount to prejudice). First, it is clear that counsel's focus was on minimizing Alexander's exposure (a mandatory 60 years if convicted on all counts at trial), and that the sentence of 25 years was warranted in light of all the sentencing factors, including Alexander's prior armed robbery conviction, for which he was still on supervised release at the time of the new offense.[4] Second, Alexander was aware of the discrepancy in the guideline calculation before he was sentenced, made no objection, and at sentencing said that Mr. Purpura's expression of his position that he sought to avoid an even lengthier sentence by accepting the plea agreement was "perfect". (ECF 143-4, Ex. 4 at 12). Nor does Alexander show he would have wanted to proceed to trial in light of the government's strong evidence against him and the lengthy sentence he faced if convicted. *See Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

Regarding the appeal, Alexander does not allege that he asked Mr. Purpura to note an appeal and that Mr. Purpura failed to do so. Rather he says counsel failed to consult with him about grounds for an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478–80 (2000). But this is not correct, because Alexander was advised in his written agreement, which he reviewed with counsel, (ECF 143-1, Ex. 1 at 8; ECF 143-2, Ex. 2 at 10) and at the Rule 11 proceeding, in the

---

[4] Alexander was given a concurrent two-year sentence for the violation of supervised release.  (CCB-05-407, ECF 98).

presence of counsel, that he was giving up his right to appeal a 25-year sentence. (ECF 143-2, Ex. 2 at 18). Alexander has shown no constitutional right to have counsel consult further with him about an appeal that has been knowingly waived as part of a guilty plea; nor has he shown any likelihood that, if Mr. Purpura had consulted further with him, he would have filed an appeal. *See Roe*, 528 U.S. at 484.

In summary, Alexander has shown no grounds for relief, or for an evidentiary hearing. No certificate of appealability will be issued. A separate Order follows.

2/3/2021
Date

/S/
Catherine C. Blake
U.S. District Court Judge